UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN D. LUSK,<br><br>   Plaintiff,<br><br>  v.<br><br>E. VALENZUELA, ET AL.,<br><br>   Defendants. | Case No. CV 15-6783-RSWL (KK)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Sean D. Lusk ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Pl.'s Compl. 1.[1] Plaintiff's complaint alleges Defendants E. Valenzuela and M. Denten ("Defendants") violated Plaintiff's Eighth Amendment rights by failing to repair damaged flooring at California Men's Colony, where Plaintiff is an inmate. Id. at 8-18. The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court dismisses Plaintiff's

---

[1] The Court refers to the pages of Plaintiff's complaint as if they were consecutively paginated.

1

complaint with leave to amend.

# I.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff's complaint names two defendants, E. Valenzuela and M. Denten. Id. at 8. Plaintiff sues the two named defendants in their individual capacities. Id. Plaintiff alleges Defendant Valenzuela was "the Warden at California Men's Colony" and "responsible for ensuring the safety and well-being of prisoner's [sic] under his supervision." Id. Plaintiff alleges Defendant Denten was "the West Superintendent of Plant Operations at California Men's Colony." Id.

Plaintiff also alleges as follows: On March 19, 2015, Plaintiff worked in the California Men's Colony West Central Kitchen as an Inmate Assistant Lead Cook. Id. at 9. While working, Plaintiff's "left foot was caught under" damaged flooring. Id. Consequently, Plaintiff lost his balance, tripped, slipped, hit the corner of a table, and fell onto the floor. Id. After obtaining medical treatment, Plaintiff learned "he had suffered a lower back contusion and strain." Id. at 10.

Plaintiff alleges Defendants violated the Eighth Amendment because Defendants had a duty to timely repair the damaged flooring, Defendants failed to timely repair the damaged flooring, and Defendants' failure caused Plaintiff's injury. Id. 16-17. Plaintiff further alleges Defendants, acting with deliberate indifference, violated his "right to be free from substantial risk of serious harm," deprived him of "basic human needs," and deprived him of a "reasonable safe living and working environment." Id. at 16.

Plaintiff seeks compensatory and punitive damages against Defendants, a declaratory judgment stating Defendants violated his Eighth Amendment rights, and an order requiring Defendants pay all court fees and costs. Id. at 19-20.

///

## II.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in *forma pauperis*, the Court must screen Plaintiff's complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## III.
## DISCUSSION

**A.    Plaintiff Fails To Imply A Constitutional Right**

    **1.    Legal Standard**

A civil rights complaint must concern a constitutional right. 42 U.S.C.

§ 1983 ("section 1983"). "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986); see also Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (stating minor safety hazards do not violate the Eighth Amendment); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) ("Not every deviation from ideally safe conditions amounts to a constitutional violation.").

### 2. Analysis

Here, Plaintiff has filed a complaint pursuant to section 1983. Pl.'s Compl. 1. However, the complaint's allegations fail to rise to the level of constitutional violations. Plaintiff alleges Defendants had a duty to timely repair damaged flooring, Defendants failed their duty, and their failure caused Plaintiff's injuries. Id. 16-17. While these allegations may give rise to an ordinary negligence claim, the allegations contained in Plaintiff's complaint fail to implicate the Constitution. Daniels, 474 U.S. at 332.

### B. **Plaintiff Fails To State An Eighth Amendment Violation Claim**

### 1. Legal Standard

To the extent Plaintiff's complaint alleges an Eighth Amendment violation, it also fails to state a claim. Prison officials violate the Eighth Amendment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial

risk of serious harm. Osolinski, 92 F.3d at 938. The subjective component requires the prison officials had the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (stating deliberate indifference "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" (internal quotation marks and citation omitted)).

A threat to an inmate's safety alone fails to demonstrate an objectively insufficiently humane condition. Osolinski, 92 F.3d at 938 ("No cases in this circuit clearly established that a single defective device, without any other conditions contributing to the threat to an inmates' [sic] safety, created an objectively insufficiently humane condition violative of the Eighth Amendment."). An Eighth Amendment violation claim with respect to conditions of confinement requires a threat to an inmate's safety and an additional condition exacerbating that threat. Id.; Morgan v. Morgensen, 465 F.3d 1041, 1047 (9th Cir. 2006).

Moreover, a prison official "is deemed 'deliberately indifferent' to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger." Castro v. Cnty. of Los Angeles, No. 12-56829, 2015 WL 4731366, at *6 (9th Cir. Aug. 11, 2015). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38.

///

### 2. Analysis

Here, Plaintiff's complaint fails to demonstrate an additional exacerbating condition. Plaintiff alleges damaged flooring threatened his safety, but alleges no additional condition exacerbating that threat. Pl.'s Compl. 9-18. Thus, Plaintiff fails to state an Eighth Amendment violation claim. Osolinski, 92 F.3d at 938; Morgan, 465 F.3d at 1047.

In addition, Plaintiff's complaint fails to allege Defendants were aware of and disregarded an excessive risk to his health or safety. Plaintiff identifies Defendant Valenzuela as "the Warden at California Men's Colony" who "is responsible for ensuring the safety and well-being of prisoner's [sic] under his supervision." Pl.'s Compl. at 8. Plaintiff also identifies Defendant Denten as "the West Superintendent of Plant Operations at California Men's Colony." Id. However, Plaintiff fails to allege Defendants personally knew the damaged flooring both existed and posed a substantial risk of serious harm. Similarly, Plaintiff does not allege conscious disregard. Thus, Plaintiff fails to state an Eighth Amendment violation claim against Defendants. Castro, 2015 WL 4731366, at *6; Farmer, 511 U.S. at 837-38.

Accordingly, the Court must dismiss Plaintiff's claim.

### IV.

### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, Plaintiff's complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, the Court grants leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT within 21 days of the service date of this Order:

1) Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which Plaintiff is encouraged to use.

2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: September 11, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge