UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN D. LUSK,<br><br>               Plaintiff,<br><br>     v.<br><br>E. VALENZUELA, et al.,<br><br>               Defendants. | Case No. CV 15-6783-JGB (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

     Plaintiff Sean D. Lusk ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. The FAC alleges defendants E. Valenzuela and M. Denton violated Plaintiff's Eighth Amendment rights by denying Plaintiff humane conditions of confinement with deliberate indifference. The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e)(2). As discussed below, the Court dismisses the FAC with leave to amend.

///
///
///

## I.

## **PROCEDURAL BACKGROUND**

On August 27, 2015, Plaintiff, an inmate at California Men's Colony ("CMC"), constructively filed[1] a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. See Compl. The Complaint alleged defendants E. Valenzuela and M. Denten, in their individual capacities, violated Plaintiff's Eighth Amendment rights by failing to repair damaged flooring at CMC. See id. On September 11, 2015, the Court dismissed the Complaint with leave to amend for failure to imply a constitutional right and state an Eighth Amendment violation. See Dkt. 9, Order Dismissing Compl. Leave Am.

On November 19, 2015, Plaintiff constructively filed the instant FAC pursuant to 42 U.S.C. § 1983, suing defendants E. Valenzuela and M. Denton ("Defendants") in their individual capacities. See Dkt. 16, FAC.

## II.

## **ALLEGATIONS OF THE FAC**

Plaintiff alleges defendant Valenzuela was CMC's warden and "responsible for ensuring the safety and well-being of prisoners under his supervision." Id. at 9.[2] Plaintiff alleges defendant Denton was CMC's "Superintendent of Building Trades" and "responsible for the supervision of subordinate [m]aintenance employees for

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed and dated his complaint on August 27, 2015. See ECF Docket No. ("Dkt.") 1, Compl. Thus, the Court deems August 27, 2015 the filing date.

[2] The Court refers to the pages of the FAC as if they were consecutively numbered.

[CMC's] West Facility."  Id.

Plaintiff alleges he worked in CMC's West Central Kitchen as an Inmate Assistant Lead Cook on March 19, 2015.  Id. at 10.  Plaintiff alleges the West Central Kitchen's linoleum floor was raised and ripped in a half-inch to one-inch area, but "[t]here was no warning sign, nor had there been, indicating the floor was damaged."  Id.  Plaintiff alleges while working, his "left foot was caught under" the damaged flooring and he consequently lost his balance, tripped, slipped, hit the corner of a table, and fell onto the floor.  Id.  After obtaining medical treatment, Plaintiff learned "he had suffered a lower back contusion and strain."  Id. at 11.

Plaintiff alleges defendant Valenzuela "subjectively knew that a substantial risk of serious harm existed within the West (CMC) Central Kitchen" and "acted with deliberate indifference, having subjective knowledge of the generalized, substantial risk of serious harm to [P]laintiff's health and safety.  He knowingly or recklessly disregarded that risk by failing to take responsible measures to abate it in a timely manner (over 6 1/2 months) due to inconvenience."  Id. at 19-20.  Plaintiff also alleges "[i]t is obvious to a reasonable prison official that a substantial risk of serious harm was likely to occur from this hazardous work condition."  Id.

In addition, Plaintiff alleges defendant Denton "failed to remedy a known longstanding hazardous work condition within the West Central Kitchen.  He knowingly or recklessly disregarded that risk by failing to take responsible measures to abate it in a timely manner (over 6 1/2 months) due to inconvenience."  Id. at 18.  Plaintiff alleges "[t]here were several reasonable measures to reduce the substantial risk of serious harm" but defendant Denton, "acting with deliberate indifference to [P]laintiff's health and safety," failed to pursue those measures.  Id.  Plaintiff alleges defendant Denton "depriv[ed] [P]laintiff his basic needs of humane conditions / serious inadequacies, thus violating [his] Eighth Amendment rights."  Id.

Plaintiff seeks declaratory judgment, compensatory damages, punitive

damages, an order an order requiring Defendants pay Plaintiff's court fees and costs, and "such other relief that this honorable court deems necessary." Id. at 22-23.

## III.
## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has held "[a] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION
**PLAINTIFF'S EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM FAILS**

**A.   Applicable Law**

Prison officials violate the Eighth Amendment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show subjective and objective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The subjective component requires the prison officials had the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S.

at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).

An Eighth Amendment claim with respect to conditions of confinement requires a threat to an inmate's safety and an additional condition exacerbating that threat. Id. ("No cases in this circuit clearly established that a single defective device, without any other conditions contributing to the threat to an inmates' safety, created an objectively insufficiently humane condition violative of the Eighth Amendment."); see also Morgan v. Morgensen, 465 F.3d 1041, 1047 (9th Cir. 2006). Applying this standard, the Ninth Circuit has found no Eighth Amendment violation where maintenance requests alerted prison officials to a faulty oven door and the door subsequently burned an inmate, because the inmate failed to allege any additional conditions "precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition." Osolinski, 92 F.3d at 938. Conversely, the Ninth Circuit has found an Eighth Amendment violation where an inmate used a printing press as part of his job in a prison print shop, he "alerted his supervisor to a dangerous defect" in the printing press, his supervisor nonetheless ordered him "to continue working with the defective equipment," and the printing press subsequently "caught [the inmate's] hand and tore off his right thumb." Morgan, 465 F.3d at 1044, 1046.

**B.   Analysis**

Here, Plaintiff fails to demonstrate an additional exacerbating condition. Plaintiff alleges damaged flooring threatened his safety, but alleges no additional condition exacerbating that threat. See FAC. Like the plaintiff in Osolinski, Plaintiff fails to allege any additional condition precluded him from avoiding the damaged flooring or rendered him unable to perceive its defective condition. See Osolinski, 92 F.3d at 938. Moreover, unlike the plaintiff in Morgan, Plaintiff fails

to show Defendants ordered him to continue using the damaged flooring as part of his job duties. See Morgan, 465 F.3d at 1047. Thus, Plaintiff fails to demonstrate an objectively insufficiently humane condition. Plaintiff therefore fails to allege facts sufficient to state an Eighth Amendment deliberate indifference violation.

## V.
## LEAVE TO FILE SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED THAT within twenty-one (21) days of the service date of this Order:

1) Plaintiff may file a Second Amended Complaint ("SAC") to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the SAC, which the Court encourages Plaintiff to use.**

2) If Plaintiff chooses to file a SAC, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.** In addition, the SAC must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik, 963 F.2d at 1260. After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the SAC. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a SAC that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, if Plaintiff files a SAC with claims on which relief cannot be granted, the Court may recommend dismissal of the SAC without leave to amend and with prejudice.

**The Court cautions Plaintiff that his failure to timely comply with this Order may result in dismissal of this action for failure to prosecute and comply with court orders.**

DATED: December 4, 2015

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE