UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN D. LUSK,                           ) Case No. CV 15-6783-JGB (KK)
                                        )
                    Plaintiff,          )
                                        ) ORDER DISMISSING SECOND
        v.                              ) AMENDED COMPLAINT WITH
                                        ) LEAVE TO AMEND
E. VALENZUELA, et al.,                  )
                                        )
                    Defendants.         )
                                        )

## I.

## INTRODUCTION

Plaintiff Sean D. Lusk ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Second Amended Complaint pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging prison officials violated his Eighth Amendment rights with deliberate indifference by failing to repair damaged flooring.  As discussed below, the Court recommends this action be dismissed without leave to amend for failure to state a claim.

///

1

## II.

## PROCEDURAL BACKGROUND

**A.   ORIGINAL COMPLAINT**

On August 27, 2015, Plaintiff, an inmate at California Men's Colony ("CMC"), constructively filed[1] his original civil rights complaint pursuant to Section 1983.  <u>See</u> Dkt. 1.  Plaintiff alleged defendants E. Valenzuela and M. Denton ("Defendants") violated his Eighth Amendment rights by failing to repair damaged flooring at CMC.  <u>See id.</u>  On September 11, 2015, the Court dismissed the complaint with leave to amend for failure state an Eighth Amendment violation.  <u>See</u> Dkt. 9, Order Dismissing Compl.

**B.   FIRST AMENDED COMPLAINT**

On November 19, 2015, Plaintiff constructively filed a First Amended Complaint ("FAC").  <u>See</u> Dkt. 16, FAC.  Plaintiff again alleged Defendants violated his Eighth Amendment rights by failing to repair damaged flooring at CMC.  <u>See id.</u>  On December 4, 2015, the Court dismissed the FAC with leave to amend for failure to state an Eighth Amendment violation.  <u>See</u> Dkt. 17, Order Dismissing FAC.

**C.   SECOND AMENDED COMPLAINT**

On January 15, 2016, Plaintiff constructively filed a Second Amended Complaint ("SAC") against Defendants in their individual capacities.  <u>See</u> Dkt. 22, SAC.

---

[1]      Under the "mailbox rule," when a <u>pro se</u> inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by <u>pro se</u> prisoners").  Here, Plaintiff signed and dated his complaint on August 27, 2015.  <u>See</u> ECF Docket No. ("Dkt.") 1, Compl.  Thus, the Court deems August 27, 2015 the filing date.

1

2

**III.**

**ALLEGATIONS OF THE SAC**

3      In the SAC, Plaintiff, once again, alleges Defendants violated his Eighth

4  Amendment rights by failing to repair damaged flooring at CMC with deliberate

5  indifference.  Id.  Plaintiff alleges defendant Valenzuela was CMC's warden and

6  "responsible for ensuring the safety and well-being of prisoners under his

7  supervision."  Id. at 9.[2]  Plaintiff alleges defendant Denton was CMC's

8  "Superintendent of Building Trades" and "responsible for the supervision of

9  subordinate [m]aintenance employees for [CMC's] West Facility."  Id.

10      Plaintiff alleges he worked as an Inmate Assistant Lead Cook in CMC's

11  West Central Kitchen on March 14, 2015.  Id. at 10.  Plaintiff alleges linoleum

12  floor in CMC's "'F' facility diner" was raised and ripped in a half-inch to one-inch

13  area, but "[t]here was no warning sign, nor had there been, indicating the floor was

14  damaged."  Id.  Plaintiff alleges while working that day, "[t]he break in the

15  damaged flooring caught and trapped Plaintiff's left foot" and he consequently lost

16  his balance, tripped, slipped, spun, hit the corner of a table, and fell onto the floor.

17  Id. at 11.  After obtaining medical treatment, Plaintiff learned "he had suffered a

18  lower back contusion and strain, consist[e]nt with that of being in an auto

19  accident."  Id. at 13.

20      Plaintiff alleges defendant Valenzuela "has allowed known longstanding

21  hazardous work conditions posing excessive risk of serious harm to exist

22  uncorrected, due to inconvenience of 'back log of work orders and lacking enough

23  person[ne]l to correct those hazardous conditions.'"  Id. at 20-21.  Plaintiff alleges

24  defendant Denton "fail[ed] to make repairs over 6 1/2 months despite being

25  informed of the defective hazardous work condition and through his own

26

27  [2]      The Court refers to the pages of the SAC as if Plaintiff consecutively

28  numbered them.

3

1  [ad]mission failed to act in a timely manner due to inconvenience of 'backlog of
2  work orders and a prior staff vacancy.'" Id. at 15.  Plaintiff attaches to the SAC a
3  Memorandum in which CMC Associate Warden of Business Services T. King
4  states he interviewed defendant Denton about the damaged flooring on June 29,
5  2015 and defendant Denton "stated the delay in completing the work was due to a
6  prior staff vacancy in the Carpenter Shop and backlog of work orders." Dkt. 22-1,
7  Attachment at 4-5.

8      Plaintiff seeks declaratory judgment, compensatory damages, punitive
9  damages, an order requiring Defendants to pay Plaintiff's court fees and costs, and
10  "such other relief that this honorable court deems necessary." Dkt. 22 at 32-33.

11                                **IV.**
12                      **STANDARD OF REVIEW**

13      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a
14  complaint for failure to state a claim upon which relief can be granted.  Fed. R.
15  Civ. P. 12(b)(6).  The Ninth Circuit has held "[a] trial court may dismiss a claim
16  sua sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal
17  may be made without notice where the claimant cannot possibly win relief." Omar
18  v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell,
19  642 F.2d 359, 361-62 (9th Cir. 1981)).

20      A complaint may be dismissed for failure to state a claim "where there is no
21  cognizable legal theory or an absence of sufficient facts alleged to support a
22  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
23  (citation and internal quotation marks omitted).  In considering whether a
24  complaint states a claim, a court must accept as true all of the material factual
25  allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).
26  However, the court need not accept as true "allegations that are merely conclusory,
27  unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis.
28  Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation

                                4

marks omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation and internal quotation marks omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  If, however, the court finds a pro se complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  A district court's denial of leave to amend is "particularly broad" where a plaintiff fails to cure the deficiencies identified by the court despite being granted multiple opportunities to do so.  See Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks and citation omitted).

## V.

## DISCUSSION

## PLAINTIFF FAILS TO ALLEGE DEFENDANTS' SUPERVISORY LIABILITY

### A.    Applicable Law

Because vicarious liability fails to apply to Section 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  A defendant may be held liable as

a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citations omitted). Accordingly,

> Even under a "deliberate indifference" theory of individual liability, the [p]laintiff[] must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. In short, . . . "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983.

Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (internal quotation marks and citations omitted). Moreover, even "[i]f a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

**B.     Analysis**

Here, Plaintiff fails to plead defendant Valenzuela violated the Constitution through his own actions. See Iqbal, 556 U.S. at 676. Rather, Plaintiff alleges defendant Valenzuela was CMC's warden and "responsible for ensuring the safety and well-being of prisoners under his supervision." Dkt. 22 at 9. Plaintiff fails to allege defendant Valenzuela had personal involvement in the alleged Eighth Amendment violation, or a sufficient causal connection between any of defendant Valenzuela's wrongful conduct and the alleged violation. See Starr, 652 F.3d at 1207. Further, Plaintiff fails to allege defendant Valenzuela personally knew about the damaged flooring, or identify unconstitutional conduct by any of defendant Valenzuela's subordinates of which defendant Valenzuela had notice or in which he was personally involved. See Hydrick, 669 F.3d at 942. To the extent Plaintiff

6

alleges defendant Valenzuela's responsibility for prisoners under his supervision demonstrates he should have known about the risk the damaged flooring posed, this allegation is insufficient.  <u>See</u> <u>Gibson</u>, 290 F.3d at 1188.  Thus, Plaintiff's bald and conclusory allegations against defendant Valenzuela are insufficient to establish individual liability under Section 1983.

In addition, Plaintiff fails to plead defendant Denton violated the Constitution through his own actions.  Dkt. 22 at 9.  Plaintiff alleges defendant Denton was CMC's "Superintendent of Building Trades" and "responsible for the supervision of subordinate [m]aintenance employees for [CMC's] West Facility." <u>Id.</u>  Construed liberally, Plaintiff also alleges defendant Denton personally knew about the damaged flooring by attaching the Memorandum showing King interviewed defendant Denton on June 29, 2015 about the damaged flooring.  <u>See</u> Dkt. 22-1 at 4-5.  However, Plaintiff fails to show defendant Denton had personal involvement in the alleged Eighth Amendment violation or a sufficient causal connection between any of defendant Denton's wrongful conduct and the alleged violation.  <u>See</u> <u>Starr</u>, 652 F.3d at 1207.  Further, Plaintiff fails to show defendant Denton acted unconstitutionally, any of defendant Denton's subordinates acted unconstitutionally, or defendant Denton acquiesced in any such unconstitutional conduct.  <u>See</u> <u>Hydrick</u>, 669 F.3d at 942.  Thus, Plaintiff's bald and conclusory allegations against defendant Denton are insufficient to establish individual liability under Section 1983.

## VI.

## <u>ORDER</u>

For the foregoing reasons, the SAC is subject to dismissal.  However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED, Plaintiff may file a Third Amended Complaint ("TAC") by **February 24, 2016**.  If Plaintiff chooses to file a TAC,

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the TAC must be complete without reference to the Complaint, FAC, SAC, or any other pleading, attachment, or document.  **The Clerk of Court is directed to mail Plaintiff a Central District civil rights complaint form to use for filing the TAC, which the Court encourages Plaintiff to use.**

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the TAC.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

Because this will be Plaintiff's third opportunity to amend his complaint to rectify pleading deficiencies, the Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a TAC that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  E.g., Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Kaplan has already amended the complaint twice . . . ."); Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so."); Smith v. Solis, 331 F. App'x 482, 482-83 (9th Cir.

8

2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and Smith failed to correct the defects.").  Thus, if Plaintiff files a TAC with claims on which relief cannot be granted, the TAC will be dismissed without leave to amend and with prejudice.

DATED: FEBRUARY 3, 2016

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

9